IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No. 20-cv-04359 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Timothy H.[2] filed this action seeking reversal or remand of the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income (SSI) under the Social Security Act (the Act). For the reasons stated below, the Court grants Plaintiff's motion for summary judgment [14] and denies the Commissioner's motion for summary judgment [19]. The case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**I. PROCEDURAL HISTORY**

Plaintiff applied for SSI on May 22, 2017, alleging that he became disabled on May 10, 2016. (R. at 15).[3] The application was denied initially and on reconsideration,

---

[1] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

[2] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[3] The Court uses the CM/ECF page numbers on the filings.

after which Plaintiff filed a timely request for a hearing. (*Id.*). On June 25, 2019, Plaintiff, represented by counsel, testified at a hearing before an Administrative Law Judge (ALJ). (*Id.*). The ALJ also heard testimony from Beth Leitman, a vocational expert (VE), and from Plaintiff's grandmother. (*Id.*). The ALJ denied Plaintiff's request for benefits on July 17, 2019. (*Id.* at 15–33).

Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since the application date of May 22, 2017. (*Id.* at 17). At step two, the ALJ found that Plaintiff had severe impairments of fracture of the lower limb, depression, anxiety and post-traumatic stress disorder (PTSD). (*Id.*). The ALJ found Plaintiff had non-severe impairments of right knee osteoarthritis, hypertension, and substance abuse. (*Id.*). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any of the enumerated listings in the regulations. (*Id.* at 19). The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[4] and determined that Plaintiff has the RFC to perform light work except:

> occasionally push and pull with the right lower extremity; frequently climb ramps and stairs; occasionally climb ladders, ropes and scaffolds; occasionally balance; frequently kneel, crouch and crawl; avoid concentrated exposure to vibration, unprotected heights, and moving mechanical parts; occasional interaction with supervisors and coworkers; no tandem work and only incidental contact with the public; would work best with simple, routine work, and very few changes in the daily work setting and routine; would be off-task 10% per hour, and absent up to one day per month.

---

[4] "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008); 20 C.F.R. § 404.1545(a).

(*Id.* at 21).

The ALJ then determined at step four that Plaintiff is unable to perform any past relevant work but there are jobs in significant numbers in the national economy that he can perform. (*Id.* at 31). Thus, the ALJ found that Plaintiff had not been under a disability since May 22, 2017 through the date of the decision. (*Id.* at 32). The Appeals Council denied Plaintiff's request for review on May 28, 2020. (*Id.* at 1–6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

Section 405(g) of the Act authorizes judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The Court may not engage in its own analysis of whether the plaintiff is disabled, nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). "The ALJ's decision will be upheld if supported by 'substantial evidence,' which means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019) (quoting *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014)). The Supreme Court has stated that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is ... 'more than a mere scintilla.' ... It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.

Ct. 1148, 1154 (2019) (citations omitted). In addition, the ALJ must "explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005)). The Court accords great deference to the ALJ's determination, but "must do more than merely rubber stamp the [ALJ]'s decision []." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (alterations in original) (quoting *Erhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992)). The deferential standard "does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). "Rather, it is up to the ALJ to articulate the relevant evidence and explain how that evidence supports her ultimate determination." *Noonan v. Saul*, 835 F. App'x 877, 880 (7th Cir. 2020). "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)). The Court may reverse and remand the decision "if the ALJ committed an error of law or based her decision on serious factual mistakes or omissions." *Judy M. v. Kijakazi*, No. 21 C 2028, 2023 WL 2301448, at *3 (N.D. Ill. Feb. 28, 2023) (citation omitted).

### III. DISCUSSION

Seeking remand or an award of benefits, Plaintiff argues that (1) the ALJ did not properly evaluate his RFC and (2) the ALJ did not properly evaluate Plaintiff's allegations regarding his activities of daily living, his treatment history, and work

history. The Court agrees with Plaintiff that remand is warranted for the reasons explained below.[5]

### A. The ALJ's finding regarding Plaintiff's use of a cane

The ALJ is responsible for assessing Plaintiff's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3), 416.946(c). "In making a proper RFC determination, the ALJ must consider all of the relevant evidence in the record, even limitations that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quotation omitted).

Plaintiff argues that the ALJ should have addressed whether Plaintiff's use of a cane was required in assessing his RFC and failing to do so was reversible error. (Dkt. 14 at 10–11). The ALJ found simply that Plaintiff's "[c]ane use is unsupported by the record." (R. at 28). The ALJ made this statement while also acknowledging Plaintiff's use of a cane at multiple medical appointments and Plaintiff's stated need for a cane. (*Id.* at 23–24). Indeed the medical record shows Plaintiff relying on a cane to ambulate. (AR. 543, 673, 1313, 1320).

Here, the ALJ failed to state whether or not a cane was medically necessary for Plaintiff. In *Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013), the Seventh Circuit held that an ALJ erred by failing to consider whether a cane was medically necessary. *See also Ryon C. v. Kijakazi,* No. 20 C 891, 2021 WL 4552550, at *3 (N.D. Ill. Oct. 5, 2021) ("The Seventh Circuit has made clear that an ALJ must fully

---

[5] Because the Court remands for the reasons explained herein, it need not address Plaintiff's other arguments at this time.

consider and address evidence that a claimant needs a cane to ambulate."); Social Security Ruling 96-9p (S.S.A. July 2, 1996), 1996 WL 374185, at *7 (discussing hand-held assistive devices).[6]

Like the ALJ, Defendant points to certain records that did not mention Plaintiff's use of a cane or one record stating Plaintiff used a cane "for confidence." (Dkt. 20 at 5; R. at 23). The ALJ did not state, however, that any doctor found Plaintiff's cane to be medically unnecessary. Nevertheless Defendant asserts that the ALJ properly considered, and then discounted, Plaintiff's case use. But the ALJ did not address whether the case was medically necessary at all. *See Thomas*, 534 F. App'x at 550; *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (ALJ cannot "cherry-pick" only facts that support her conclusion); *Spicher v. Berryhill,* 898 F.3d 754, 759 (7th Cir. 2018) (the ALJ must "build an accurate and logical bridge from the evidence to her conclusion"). Moreover, Defendant does not argue that the failure to sufficiently account for Plaintiff's use of a cane, if true, would be harmless.

Finally, the ALJ stated that she was "limit[ing] [Plaintiff] to a reduced range of sedentary work." (R. at 27). Defendant maintains that the "isolated reference to sedentary work was just as plainly a harmless mistake." (Dkt. 20 at 4). It certainly may be true that this was merely an error in the ALJ's decision, but the ALJ did not explain the reference and Defendant's explanation is not a substitute. *See Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020) (a court's review is limited to the ALJ's

---

[6] Although the ALJ did not indicate whether the record contained a prescription for a cane, for completeness the Court notes in any event that "the lack of a prescription for a cane does not establish that a claimant does not in fact need a cane to ambulate." *Ryon C.,* 2021 WL 4552550 at *3.

rationale). At a minimum this statement compounds the difficulty of meaningfully reviewing the decision.

In sum, the ALJ's RFC analysis did not "say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). Because the ALJ did not trace a path between the evidence about Plaintiff's use of a cane and her conclusion, this Court is not able meaningfully review of the decision. *Id*. at 1234.

**B. The ALJ's off-task finding**

Next the Court addresses Plaintiff's argument that the ALJ failed to identify how she decided Plaintiff's off-task limitation percentage in the RFC assessment. If an ALJ finds mental impairments at step two, these should be "reflected as limitations in the RFC finding." *Alesia v. Astrue*, 789 F. Supp. 2d 921, 933 (N.D. Ill. 2011).

The ALJ found that Plaintiff would need to be off-task 10 percent per hour of the workday. (R. at 21). The ALJ did not discuss the evidence supporting this specific limitation. By contrast, DDS psychological consultants opined that Plaintiff had a moderately limited ability to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; complete a workday and workweek without interruptions from psychologically based symptoms; and to perform at a consistent pace without an unreasonable number and length of rest periods. (AR. 140-41, 157-58). The ALJ found these psychological consultants' opinions to be "persuasive" (R. at

29). But she did not explain why she nevertheless concluded that Plaintiff did not need more than 10% off-task time per hour in a work day.

Similar to here, in *Lanigan v. Berryhill*, 865 F.3d 558 (7th Cir. 2017), the Court found that the ALJ did not "build an accurate and logical bridge," between the 10% off-task finding and the psychologists' general assessment that claimant had moderate difficulty in areas like the "ability to maintain attention and concentration for extended periods" and the "ability to perform activities within a schedule." *Id*. at 563. *See also G.S. v. Kijakazi*, No. 3:20-CV-50232, 2021 WL 6201303, at *6-7 (N.D. Ill. Dec. 20, 2021) (collecting cases discussing errors in ALJs' off-task percentage findings).

In sum, the ALJ erred by not offering adequate explanations for her conclusions about Plaintiff's cane usage and Plaintiff's ability to be off-task 10% per hour each work day.[7] The Court cannot say that these errors were harmless.

**C. Request for an award of benefits**

In his reply brief [23], Plaintiff seeks an award of benefits. The Court denies Plaintiff's request for an award of benefits. The Court does not believe this case meets the high standard for reversal and an award of benefits. *See Briscoe*, 425 F.3d at 355 (instructing that courts should reverse with an instruction to award benefits only if

---

[7] The Court also agrees with Plaintiff that the ALJ's reliance on Plaintiff's mention of his criminal record is speculative and not supportive of the ALJ's conclusion that "[t]here is some indication in the record that the reason why the claimant does not work is for reasons other than physical or mental impairments." (R. at 28). As one court explained: "the ALJ opined that Lampkin's continued unemployment could be the result of Lampkin's criminal record, rather than any physical impairment. [] However, the ALJ did not expound upon this speculative statement, and accordingly its relevance is unclear." *Lampkin v. Colvin*, No. 12 CV 1727, 2014 WL 950176, at *9 (N.D. Ill. Mar. 5, 2014).

"all factual issues have been resolved and the record can yield but one supportable conclusion.") (internal quotation marks and citation omitted); *see also Martin v. Saul*, 950 F.3d 369, 377 (7th Cir. 2020) ("The vast majority of the time we will not award benefits and instead remand for further proceedings.").

## IV. CONCLUSION

For these reasons, the Court grants Plaintiff's motion for summary judgment [14] and denies the Commissioner's motion for summary judgment [19]. Accordingly the ALJ's decision is reversed, and the case remanded to the Commissioner for further proceedings consistent with this opinion. Civil case terminated.

E N T E R:

Dated: April 10, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge